UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| CECIL FITZGERALD JAMISON, ) | Civil Action No.: 9:07-cv-3853-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DOUGLAS STRICKLER, Chief Public ) | |
| Defender; LANE DANIELSON, Public ) | |
| Defender; CAMILLE A. EVERHART, ) | |
| Public Defender; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding *pro se*, is a pre-trial detainee who brought this suit against his public defenders. Plaintiff alleges that he has been detained at the Alvin S. Glenn Detention Center in Richland County, South Carolina for over a year as a result of his defense attorneys' failure to bring his case to trial in a timely manner. Plaintiff claims that as a result of Defendants' actions, his due process rights have been violated.

This matter is before the court with the Report and Recommendation [Docket Entry #9] of Magistrate Judge George C. Kosko filed on December 5, 2007.[1] The Magistrate Judge recommended summary dismissal of Plaintiff's complaint because Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983 against his defense attorneys. The Magistrate Judge also noted that to the extent Plaintiff intended to bring a negligence or legal malpractice claim, this court is without jurisdiction to hear such state law claims as there is no diversity of citizenship between the parties.

---

[1] This matter was referred to Magistrate Judge Kosko pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(d) and (e).

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on December 18, 2007.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

An attorney, whether a public defender, privately retained, or court-appointed, does not act under color of state law when engaged in the general representation of a criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980). Accordingly, Plaintiff cannot state a claim under 42 U.S.C. § 1983 alleging constitutional violations against his defense attorneys.

To the extent Plaintiff alleges a legal malpractice or negligence claim against his

defense attorneys, such claims are not federal causes of action, i.e. do not arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Because the Plaintiff and Defendants are all residents of South Carolina, this court is without jurisdiction to hear those state law claims. *See* 28 U.S.C. § 1332.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed the Plaintiff's objections and finds that they are without merit.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #9] of the Magistrate Judge. Accordingly, Plaintiff's complaint is hereby **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED**.

April 30, 2008                                                              s/ R. Bryan Harwell
Florence, South Carolina                                           R. Bryan Harwell
                                                                                      United States District Judge